UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E.R.N., | No. 1:26-cv-04071-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION |
| v. | |
| WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al., | |
| Respondent. | |

Before the Court is Petitioner Maria E.R.N's[1] ("Petitioner") petition for writ

---

[1]As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION * 1

of habeas corpus and application for a temporary restraining order, ECF Nos. 1 and 2. For the reasons set forth below, Petitioner's petition for habeas corpus is granted.

BACKGROUND

Petitioner entered the United States without inspection on or about April, 2000. She is a citizen of Mexico.

Petitioner filed applications for Consideration of Deferred Action for Childhood Arrivals (DACA) with US Citizenship and Immigrations on June 10, 2013; April 7, 2015; March 20, 2017; March 22, 2019, March 26; 2021; February 17, 2023; and January 24, 2025. ECF No. 8-1 at 3-4. Beginning in 2023, Petitioner also submitted Applications for Employment Authorization together with her DACA application. *Id*. All applications were approved. *Id*.

Petitioner has also incurred some misdemeanor charges while in the United States. She was convicted of disorderly conduct on August 29, 2018. *Id*. On March 17, 2025, and again on March 19, 2026, Petitioner was arrested for driving under the influence and related offenses. *Id*.[2] After she was taken into custody for her 2026 offense, the Las Vegas Detention Center provided Salt Lake City Enforcements and Removals Officers (ERO) with her Temporary Custody Record. *Id*. ERO determined she was a in the United States illegally and lodged an

---

[2] The charges for both offenses are currently pending resolution.

ORDER GRANTING HABEAS PETITION * 2

immigration detainer. *Id*. On March 24, 2026, Petitioner was transferred to ICE custody for further processing. *Id*. She was transferred to California City Detention Center on April 29, 2026, where she is currently being held. *Id*.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## ANALYSIS

Petitioner claims that her ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violates the Immigration and Nationality Act ("INA") and the Fifth Amendment Due Process Clause.

Respondent does not substantively address Petitioner's due process arguments; rather, they assert that Petitioner is an "applicant for admission" subject

ORDER GRANTING HABEAS PETITION * 3

to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act without a bond hearing. ECF No. 8 at 2.  The Court considers both arguments, starting with the Respondent's contention that the INA justifies continued detention.

IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens seeking admission into the country" (Section 1225) and "certain aliens already in the country pending the outcome of removal proceedings." (Section 1226) *Jennings v. Rodriquez*, 583 U.S. 281, 289, 138 S.Ct. 830 (2016).

The sections differ in terms of the process for detention. Section 1225(b)(2)(A) provides that "applicants for admission" must be detained for removal proceedings if the examining immigration officer determines "beyond a doubt" that the alien is not entitled to admission. Other than some limited exceptions, detention under § 1225(b)(2) is considered mandatory. *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025)).

Section 1226(a), on the other hand, sets out the "default rule" for noncitizens already present in the country. *Jennings v. Rodriquez*, 583 U.S. 281, 288, 138 S.Ct. 830 (2016). Under this discretionary rule, "[a]n immigration officer makes the initial determination to either detain or release the noncitizen, but after that

ORDER GRANTING HABEAS PETITION * 4

decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id*. (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

This Court joins countless other courts in concluding Respondent's proposed interpretation "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

Having been deprived a bond hearing or any opportunity to establish that she does not present a danger to national security or pose a risk of flight, the Court concludes Petitioner is not subject to mandatory detention under Section 1225(b)(2)(A) and was thus wrongfully denied a bond hearing under Section 1226(a).

## FIFTH AMENDMENT DUE PROCESS CLAUSE

The Fifth Amendment Due Process Clause ensures against the deprivation of

ORDER GRANTING HABEAS PETITION * 5

an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.* at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

a. *Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana,* 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a

ORDER GRANTING HABEAS PETITION * 6

protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in her continued freedom protected by the Due Process Clause. Although Petitioner was taken into custody after being arrested for DUI, the Government has not provided a valid warrant for Petitioner's transfer to federal immigration custody despite being ordered to do so. There appears to be no lawful basis for her continued detention. The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in her own liberty. Accordingly, this factor weighs in favor of finding Petitioner has a

ORDER GRANTING HABEAS PETITION * 7

significant private interest that has been affected by her detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received a bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that she has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Respondent have not claimed that Petitioner is a danger to the public or a flight risk. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any

ORDER GRANTING HABEAS PETITION * 8

burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

All four *Mathews* factors weigh in favor of Petitioner. The Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker before her detention but received neither. Respondent fails to substantively rebut Petitioner's due process claim and do not provide any specific justification for detaining Petitioner without hearing. On this record, the *Mathews* factors demonstrate that the Fifth Amendment Due Process Clause entitles Petitioner to a bond hearing, at a minimum. *See Perera v. Jennings*, 599 F.Supp. 3d 736, 744 (N.D. Cal. 2022).

CONCLUSION

For the reasons discussed above, Petitioner's request for habeas relief is granted. The Court thus declines to address Petitioner's other claims which seek the same or similar relief.

**Accordingly, IT IS ORDERED:**

1.      The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

2.      **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and

ORDER GRANTING HABEAS PETITION * 9

where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondent fails to provide a timely bond hearing in accordance with this order, Respondent is ordered to immediately release Petitioner.

    3.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

DATED June 16, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION * 10