UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARIA E.R.N.,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-04071-RLP

ORDER DENYING MOTION TO ENFORCE JUDGMENT

Before the Court is Petitioner Maria E.R.N's ("Petitioner") motion to enforce order, ECF No. 12. Petitioner, through counsel, contends that the immigration judge was not fair and impartial, and failed to correctly allocate the burden and quantum of proof. Based on these alleged errors, she argues that the hearing did not comply with the Court's June 16 order or due process. The Court has reviewed the record and finds no abuse of discretion. Accordingly, Petitioner's motion to enforce is denied.

## LEGAL STANDARD

Federal courts have inherent authority to enforce their own orders, including those granting injunctive relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief.").

In constitutional challenges to an immigration judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). This type of review does not involve "reweigh[ing] evidence" but rather determining whether the immigration judge "applied the correct legal standard." *Id*. (citation and quotations omitted). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). Courts may review an immigration judge's finding that an alien poses a flight risk for abuse of discretion. *See Zaitsev v. Warden*, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

## DISCUSSION

On June 16, 2026, the Court issued an Order directing Respondents to provide Petitioner with an individualized bond hearing before an immigration judge. *See* ECF No. 10. A hearing was subsequently held on June 30, 2026, and

bond was denied. Petitioner contends the bond hearing did not comply with due process and this Court's order. Specifically, she alleges that the immigration judge was not fair or impartial and improperly used her silence as substantive evidence of guilt. She also takes issue with the sufficiency of the evidence, arguing the immigration judge's decision is not supported by competent evidence. Respondents contend the hearing complied with the Court's order, and Petitioner should exhaust administrative remedies before seeking enforcement of the Court's order.

*Administrative Exhaustion*

Respondents contend that Petitioner must first be required to exhaust her administrative remedies. ECF No. 11, at 4–7. In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional. *See W.T.M. v. Bondi*, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)). Prudential exhaustion is ordinarily required when (i) agency expertise necessitates agency consideration to generate a proper record and decision, (ii) excusing a party from exhausting administrative remedies would encourage the "deliberate bypass" of the administrative scheme; and (iii) administrative exhaustion would likely allow the agency to correct its own mistakes and alleviate the need for judicial review. *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

As to the first *Puga* factor, agency expertise is not necessary to generate a proper record or reach a proper decision. The second *Puga* factor is neutral. Courts in this district have found that "[g]ranting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth v. Kaiser*, 2026 WL 45199 at *3 (E.D. Cal. Jan. 7, 2026). Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process, *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1213 (9th Cir. 2022), and here, Petitioner is challenging only whether his individual bond hearing complied with those procedures. Given this circumstance, "it would be beneficial to provide the specific immigration court, which regularly handles bond hearings, with guidance on the types of circumstances that may lead to a finding of constitutional deficiency." *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026). As for the third factor, "[w]here the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Id*.

Accordingly, the Court finds the Court the *Puga* factors weigh against prudential exhaustion. The Court thus holds Petitioner is not required to exhaust her administrative remedies before pursuing the present habeas corpus petition.

*Abuse of Discretion*

Petitioner's remaining arguments go towards whether Respondents offered

sufficient evidence to carry its burden.[1] When assessing whether an alien "is a danger to the community or a risk of flight," an immigration judge may consider the following factors: 1) whether the alien has a fixed address in the United States; 2) the alien's length of residence in the United States; 3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; 4) the alien's employment history; 5) the alien's record of appearance in court; 6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; 7) the alien's history of immigration violations; 8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and 9) the alien's manner of entry to the United States. *Martinez*, 124 F.4th at 783.

An immigration judge has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative." *Id*. at 784. But where the habeas court "is left to speculate concerning how the immigration judge viewed the evidence in light of the applicable factors," the court "must

---

[1]Petitioner argues the immigration judge improperly allocated the burden of proof. Here, the immigration correctly stated that Respondents bear the burden of proof. It appears Petitioners' complaint concerns whether the evidence presented was sufficient to meet this burden.

conclude that the immigration judge failed to do so, which constitutes an abuse of discretion." *Lopez v. Hernandez*, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026); *see also Nam Ko v. Mullin,* 2026 WL 1454208, at *6 (C.D. Cal. May 22, 2026) (finding abuse of discretion where "there [wa]s no indication in the record before this Court that the IJ made the flight-risk decision based on the totality of the circumstances or considered any mitigating factors ....").

Here, the immigration judge found that DHS met their burden by clear and convincing evidence of showing Petitioner was a danger to others because of her 2018 conviction for disorderly conduct and her pending charges for driving under the influence on two separate occasions. Petitioner argues the immigration judge's decision rested on an incorrect reading of Petitioner's rap sheet, but the record indicates charges for driving under the influence on two separate occasions, each with their own case number, and both noted as "pending." While there are discrepancies in the record concerning the exact date of these charges, Petitioner confirmed at the hearing she had three prior arrests, twice for driving under the influence. ECF No. 17 at 25:25-49, 29:11-50, 30:59-31:39.

Petitioner also argues the immigration judge improperly drew an adverse inference from petitioner's silence in violation of the Fifth Amendment.[2] In the

---

[2]The Court also notes that while the immigration judge's decision contains

civil immigration context, "there is no prohibition against drawing an adverse inference when a petitioner invokes his Fifth Amendment right against self-incrimination." *Gutierrez v. Holder,* 662 F.3d 1083, 1091 (9th Cir. 2011). And "there is no rule of law which prohibits officers charged with the administration of the immigration law from drawing an inference from the silence of one who is called upon to speak." *Zuniga v. Garland*, 86 F.4th 1236, 1240 (9th Cir. 2023).

Indeed, Petitioner presented records suggesting that she is not a flight risk, such as a residential address, proof of identification, and meaningful community ties.[3] But Petitioner has not set forth any evidence undermining the immigration judge's decision, nor has she set forth any plan to address the behavior relied upon in rendering the finding of dangerousness. The immigration judge cited Supreme Court and BIA precedent to support the dangerousness of the crime (citing *Begay*

---

an adverse inference finding, it does not appear that Petitioner invoked her right to silence at any point during the proceeding, answering all questions presented to her.

[3]Petitioner also challenges the immigration judge finding that she is a "flight risk" due to her manner of entry. While the Court agrees that Petitioner's manner of entry does not render her a flight risk, here, the written decision relied only on a finding of dangerousness.

*v. United States*, 553 U.S. 137 (2008) and *Matter of Siniauskas*, 27 I. & N. Dec. 207 (BIA 2018)). Accordingly, the Court finds that the IJ did not abuse her discretion.

## CONCLUSION

For the reasons discussed above, Petitioner's motion to enforce judgment, **ECF No. 12,** is **DENIED**. The Court clerk shall enter this Order, enter judgment for Respondents, provide copies to counsel, and **CLOSE** the file.

**IT IS SO ORDERED.**

DATED September 4, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE